Date Signed:
August 17, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>M.P.I. Ltd. Trust,<br><br>      Debtor. | Case No.: 17-00245<br>Chapter 12<br><br>Re: Docket No. 34 |

### MEMORANDUM OF DECISION ON MOTION TO DISMISS

  The standing chapter 12 trustee has filed a motion to dismiss this case. Various parties have responded to the motion.

  Section 1208 provides that the court may dismiss a chapter 12 case for "cause":

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including--

  (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors; . . . .

  (3) failure to file a plan timely under section 1221 of this title; . . . [and]

  (9) continuing loss to or diminution of the estate and absence of a

reasonable likelihood of rehabilitation . . . . [1]

The word "including" is "not limiting."[2] Therefore, section 1208 does not provide an exhaustive list of the circumstances that may amount to "cause."

The phrase "after notice and a hearing" is defined in a way that permits the court to dispense with an actual hearing where appropriate.[3] Considering the volume of the papers filed in response to the motion, I find this matter suitable for decision without a hearing.

The debtor and Anthony P. Locricchio, an alleged creditor, argue that I must recuse myself. I have already denied an identical request[4] and will do so again for the same reasons.

The standing trustee argues that the debtor is not a "business trust" eligible to be a debtor. The debtor's alleged principal has provided a copy of the document that allegedly created the debtor. That document is largely incomprehensible. But because other grounds exist to dismiss this case, I need not decide whether the debtor is eligible.

The standing trustee argues that the debtor failed to file a plan by the statutory

---

[1] 11 U.S.C. § 1208.

[2] 11 U.S.C. § 102(3).

[3] 11 U.S.C. § 102(1).

[4] Dkt. 23, 27.

2

U.S. Bankruptcy Court - Hawaii   #17-00245   Dkt # 46   Filed  08/17/17   Page 2 of 5

deadline:

> The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable.[5]

The statutory deadline expired on June 7, 2017, more than two months ago. The debtor and Mr. Loccrichio contend that the standing trustee extended this deadline. But the statute permits only the court to extend the deadline. Treating the opposition papers as a request for an extension, I observe that the court has the power to extend the deadline after it expires based on a showing of "excusable neglect."[6] In this case, the debtor and its principal contend that the debtor could not file a timely plan because the principal suffered a concussion. This does not explain, however, why no one requested an extension prior to the deadline.

In any event, the principal's injury apparently no longer prevents him from filing a plan, because the debtor, attached to its opposition, a document which purports to be its plan.[7] But this document is a "plan" in name only; it does not come close to satisfying the requirements for a chapter 12 plan.[8]

Because the debtor has failed to file a plan that even approximates the

---

[5] 11 U.S.C. § 1221.

[6] Fed. R. Bankr. P. 9006(b)(1).

[7] Dkt. 41 at 40.

[8] 11 U.S.C. § 1222.

3

U.S. Bankruptcy Court - Hawaii   #17-00245   Dkt # 46   Filed  08/17/17   Page 3 of 5

requirements of chapter 12, and the deadline (plus a reasonable extension to accommodate the injury suffered by the debtor's principal) has passed, the debtor has not complied with section 1221. This is sufficient "cause" for dismissal under section 1208(c)(3).

Next, the chapter 12 trustee argues that the debtor's principal has failed to cooperate in many respects. The most egregious example of the debtor's failure to cooperate is the refusal of the debtor's principal to answer any of the trustee's questions at the meeting of creditors. The principal argued that he could not speak to the trustee because the trustee is represented by counsel. This argument is frivolous: although an attorney may not speak to an represented adversary without the consent of the adversary's attorney, no rule prevents an unrepresented party to speak to anyone, including a represented adversary.

Unless the debtor answers the standing trustee's questions at the meeting of creditors, the standing trustee cannot properly fulfill his statutory duty to appear and be heard on confirmation of the chapter 12 plan.[9] Therefore, the debtor's unjustified refusal to answer any questions at the meeting of creditors is "unreasonable delay . . . by the debtor that is prejudicial to creditors" and is also sufficient "cause" for dismissal.

Finally, the standing trustee points out that the court has granted relief from

---

[9] 11 U.S.C. § 1202(b)(3)(B).

U.S. Bankruptcy Court - Hawaii   #17-00245   Dkt # 46   Filed 08/17/17   Page 4 of 5

the automatic stay to permit the debtor's landlord to terminate the lease that is the debtor's most important asset and to evict the debtor.[10] Furthermore, no creditors (including Mr. Locricchio) filed timely proofs of claim. The loss of the debtor's most important asset, and the absence of any allowed claims, mean that this reorganization case serves no purpose. This is also another "cause" for dismissal.

Therefore, the court will enter a separate order dismissing this case.

END OF MEMORANDUM DECISION

---

[10] The debtor challenges this order, but the court has already denied the debtor's motion for reconsideration of the order, and the time for taking an appeal has run. The debtor's challenge is therefore an impermissible collateral attack.

Mr. Locricchio also argues at great length that his disbarment was improper. The bankruptcy court has no power to overturn the disbarment order of the Hawai'i Supreme Court.